## LIABILITY FOR INJURY RECEIVED ON A DEFECTIVE APPROACH TO A BRIDGE.

Court of Appeals for Wood County.

MINNIE CHAPMAN v. BOARD OF COUNTY COMMISSIONERS OF WOOD COUNTY.

Decided, May 19, 1916.

*County Commissioners—Not Liable for Repairs to a Bridge Approach Where the Cost Would Not Exceed Fifty Dollars—Failure of an Action .for Injuries Received on a Defective Bridge Approach.*

A claim for damages on account of injuries, alleged to have been due to negligence in keeping the approach to a bridge in proper repair, can not be enforced against county commissioners, in the absence of any showing that the cost of such repairs would have exceeded fifty dollars.

*Benj. F. James* and *E. D. Bloom,* for plaintiff in error.

*E. K. Solether,* Prosecuting Attorney, and *Fries & Hatfield,* contra.

RICHARDS, J.

This proceeding in error is brought to reverse a judgment rendered on a verdict directed in favor of the county commissioners. The plaintiff was injured on May 2d, 1915, while a passenger in an automobile riding easterly on what is known as the River road, extending from Grand Rapids to Perrysburg. The accident happened at the point where this road crosses the bridge over Sugar creek.

The plaintiff claims that the bridge and the approaches thereto were so negligently and carelessly constructed, kept and maintained as to be unsafe and dangerous, and out of repair, and were negligently allowed to remain out of repair and in a dangerous condition for more than a year prior to the date of her injury.

The evidence discloses that in the forenoon of the day of her injury she was riding with other passengers in an automobile

approaching this bridge, and that the driver of the machine, in order to avoid a rut near the center of the road, turned to the right side of the road, and in so doing approached too near the side, so that the right wheels of the machine were on the slanting portion of the road, and that the machine skidded. The driver attempted in vain to right the machine and get again into the middle of the road, but did not stop the machine, the same continuing at the rate of about twelve miles an hour until it struck the westerly edge of the bridge, the right front wheel striking the guard-rail on the bridge with such force that the automobile was turned over on its left side, throwing the passengers out of the machine.

The approach to the bridge was, at the point where the same meets the bridge, six or eight inches below the driveway of the bridge, and on the southerly side of the road where the road slants downward the bridge was some two or three feet higher than the driveway. This slanting portion of the highway was covered with a growth of weeds, making it difficult to see the existence or extent of the slope. The bridge in question was one which was constructed a number of years ago by the county commissioners, being a concrete bridge with iron guard-rails.

The evidence does not disclose any defect in the bridge at the time of the injury, but the defect consisted in the approach thereto, which was evidently in need of repair. The common pleas court in directing a verdict for the defendant did so on the ground that no duty was imposed on the county commissioners to keep the approaches to the bridge in repair, the same being located on an unimproved road.

The plaintiff does not allege, nor is there any evidence tending to show, the reasonable cost of repairing the approaches so as to make the same fairly safe for the use of passengers in vehicles on the highway.

At common law, boards of county commissioners were not liable in damages for negligence in constructing or maintaining bridges, but this liability has been imposed on such boards in cases falling within the terms of the General Code, Section 2408, the duty there stated being to keep the roads and bridges therein named in proper repair.

The practical difficulty confronted the plaintiff of showing that the injury occurred by reason of a want of repair in the bridge. General Code, Section 2422, reads as follows:

''Except as therein provided, the commissioners shall construct and keep in repair, approaches or ways to all bridges named in the preceding section. But when the cost of the construction or repair of the approaches or ways to any such bridge does not exceed fifty dollars such construction or repair shall be performed by the township trustees.''

We have no doubt that in a general way the approach to a bridge is a part of the bridge, but the Legislature specifically imposed upon township trustees the duty of repairing approaches to bridges when the cost thereof does not exceed the sum of $50.

There being nothing in this case to show that the cost of repairing the approaches would exceed that sum, the board of county commissioners is not liable for failing to cause the approach to be repaired.

The record does not disclose that any such duty devolved upon the county commissioners, and in the absence of such duty there could be no liability. The trial judge was right, therefore, in directing a verdict for the defendant.

Judgment affirmed.

CHITTENDEN, J., and KINKADE, J., concur.